UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE NELSON,

    Plaintiff,                    Case No. 17-11390
                                  Honorable George Caram Steeh
v.                               Magistrate Judge Elizabeth A. Stafford

RICOH USA, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S REQUESTS IN THEIR MOTION TO COMPEL FOR DISMISSAL FOR FAILURE TO PROSECUTE, AND
FOR COSTS AND FEES [ECF NO. 10]**

## I. INTRODUCTION

In April 2017, Plaintiff Michelle Nelson filed a complaint in Wayne County Circuit Court, which Defendant Ricoh USA, Inc., removed to this Court the following month. [ECF No. 1]. The parties' joint discovery plan required that Federal Rule of Civil Procedure 26(a)(1) initial disclosures be made on June 21, 2017. [ECF No. 5, PageID 29]. But on November 2, 2017, Ricoh filed a motion to compel Nelson's initial disclosures, as well as written responses to Ricoh's interrogatories and requests for production of documents. [ECF No. 10]. An exhibit to the motion evidences Ricoh's attorney's repeated email communications imploring Nelson's attorney to

provide required discovery. [ECF No. 10-2]. After the motion to compel was referred for a hearing and determination, this Court scheduled a hearing for December 20, 2017, and ordered Nelson to respond to the motion by November 16, 2017. [ECF Nos. 11, 12]. Nelson filed no response, so the Court ordered her to show cause by December 4, 2017 why this matter should not be dismissed under Federal Rule of Civil Procedure 41. [ECF No. 13]. As of the date of this Order, Nelson has filed neither a response to the motion to compel or to the show cause order.

## II.  DISCUSSION

Ricoh's motion requests, among other relief, that Nelson's lawsuit be dismissed. [ECF No. 10, PageID 63]. Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

*See also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Rule 41(b) authorizes a court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."). And this Court's local rules provide that when "the parties have

2

taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

To determine whether dismissal is warranted, the Court must consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Here, Nelson's multiple failures—to provide initial disclosures, to respond to discovery requests, to respond to the motion to compel, or to respond to the show cause order—demonstrate willfulness or, at the very least, fault on Nelson's part. Ricoh is prejudiced by being deprived of basic discovery from Nelson. Ricoh's motion to compel requested dismissal, and the Court warned Nelson that her failure to respond to the show cause order could result in dismissal of the case. And none of the prior attempts to prompt Nelson to prosecute her case—Ricoh's repeated email requests, the motion to compel, or the show cause order—have been successful.

Dismissal should generally be the last resort, but it appears to be necessary here. The Court also recommends that Ricoh's request for monetary sanctions under Federal Rule of Civil Procedure 37 be granted. [ECF No. 10, PageID 64].

## III. CONCLUSION

The Court **RECOMMENDS** that Ricoh's requests in its motion to compel **[ECF No. 10]** that this action be dismissed and that it be awarded costs and fees be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 8, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

4

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

5