UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE NELSON,

      Plaintiff,                      CASE NO. 17-CV-11390
v.                                 HON. GEORGE CARAM STEEH

RICOH USA, INC.,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL (Doc. 10), ACCEPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATION (Doc. 14),
GRANTING PLAINTIFF'S OBJECTIONS (Doc. 15), and
REFERRING PLAINTIFF'S MOTION FOR DISCOVERY
<u>CONFERENCE (Doc. 17) to the MAGISTRATE JUDGE</u>**

Plaintiff Michelle Nelson, a sales representative for her employer, Defendant Ricoh USA, Inc., since 1997, alleges she lost her best account and has been denied commissions since returning from leave for cancer treatment in violation of the Family and Medical Leave Act . Now before the court is Defendant's motion to compel discovery responses which this court referred to Magistrate Judge Elizabeth Stafford. In its motion to compel, Defendant sought dismissal and costs and fees. Plaintiff failed to respond to Defendant's motion to compel. The Magistrate Judge entered an order to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41. Plaintiff failed to respond. Magistrate

- 1 -

Judge Stafford then recommended that this case be dismissed and that Defendant be awarded costs and fees.

Plaintiff timely filed objections to the Report and Recommendation on the basis that she has allegedly complied with discovery requests, and failed to respond to the Court's show cause order because of technical problems with her e-mail. Defendant responds that although it has received some discovery responses, they are incomplete and consist, in part, of 2,000 pages of documents which are not Bates stamped or organized in any fashion. Defendant also responds that the parties negotiated for full disclosures from Plaintiff, and agreed to ask the Magistrate Judge to continue the hearing on the motion to compel pending those disclosures, with the understanding that Plaintiff would prepare the joint motion for continuance and proposed order. Despite this agreement, Plaintiff failed to prepare those papers.

District courts have discretion to dismiss a suit for failure to prosecute and consider four factors to determine whether dismissal is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Dismissal is a

drastic sanction and the Sixth Circuit has cautioned that it is generally preferable to sanction the lawyer directly for his or her misconduct, rather than depriving a plaintiff of his or her day in court. *Id.* Specifically, the Sixth Circuit has stressed that "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." *Id.* (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Magistrate Judge Stafford recommended that dismissal was warranted because Plaintiff had failed to provide initial disclosures, respond to discovery requests, respond to the motion to compel, or respond to the court's show cause order. Defendant agrees, however, that Plaintiff did provide some initial disclosures by way of several binders of documents totaling some 2,000 pages and admits that Plaintiff provided responses to its first request for document requests and first set of interrogatories. Defendant argues that the binders were disorganized and not properly responsive. Plaintiff responds that the binders were organized by fiscal year, account name, or medical records, and that one of the binders was organized by commissions. Plaintiff also represents that she sent a thumb drive to Defendant with responsive documents.

The court has reviewed Plaintiff's answers to Defendant's first interrogatories dated November 8, 2017, and finds that those answers were quite detailed, containing for example identification of nearly 50 individuals

with knowledge of the subject matter of the litigation. Plaintiff's answers to Defendant's first request for documents are more problematic. In those answers, Plaintiff generally refers Defendant to the binders previously produced rather than responding anew. Federal Rule of Civil Procedure 34(b)(2)(E)(i), however, requires that a party responding to a document request must "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Plaintiff has failed to do so here. In her response to Defendant's request for documents, Plaintiff also responds that "she has no problem producing all documents she has relating to her employment – in fact she welcomes it – and will do so, as long as Defendant compensates her for the cost of duplication and copying." (Doc. 19-2 at PgID 129). However, under the discovery rules, "the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

Although Plaintiff's responses were not fully compliant with the requirements of the Federal Rules of Civil Procedure, this is not the

situation where Plaintiff has been totally nonresponsive.  By Defendant's own admissions, Plaintiff has produced nearly 2,000 documents.  Plaintiff has responded to Defendant's requests for document production and interrogatories, and although some of Plaintiff's responses should have been more detailed and forthcoming, Plaintiff's shortcomings are not so severe as to justify the most draconian sanction of dismissal.  Plaintiff's incomplete responses to discovery requests do not appear to have been taken in bad faith, and the discovery cut-off date is still a month away, and four months away for expert discovery, suggesting that any prejudice can be cured before that time through supplemental responses.  Because less serious sanctions, short of dismissal, are sufficient to remedy the discovery violations at issue here, the court shall adopt the Magistrate Judge's recommendation that costs and fees be awarded, but shall not dismiss the action at this time.  For the foregoing reasons,

IT IS ORDERED that Defendant's motion to compel (Doc. 10) is GRANTED and Plaintiff is ordered to produce her Rule 26(a)(1) disclosures and to produce complete written responses to Defendant's first and second set of interrogatories and first and second set of document requests on or before January 22, 2018.  Should Plaintiff fail to do so, sanctions up to and including dismissal may be warranted.  Plaintiff is also instructed to provide detailed responses to Defendant's requests for production of documents

and cannot rely strictly on a reference to the previously disclosed binders, and shall bear the cost of copying those documents. Plaintiff is also reminded to follow Local Rule 5.1 regarding font size when filing papers with this Court.

IT IS FURTHER ORDERED that the court ACCEPTS the Magistrate Judge's recommendation (Doc. 14) that costs and fees in connection with the motion to compel be awarded to Defendant, but REJECTS the recommendation (Doc. 14) that this action be dismissed at this time. Consistent with these rulings, Plaintiff's objections (Doc. 15) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for a discovery conference (Doc. 17) is referred to the Magistrate Judge.

**IT IS SO ORDERED**.

Dated: January 11, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 11, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk